GEORGE CRAMER, Respondent, *v.* ELIAS METZ et al.,
Appellants.

(Submitted January 12, 1874; decided May term, 1874.)

THIS action was brought to recover damages for alleged breach of an agreement, under and by which defendant sold and plaintiff purchased the property of the former, used in carrying on the business of a shirt and collar manufactory.

In consideration of the purchase, defendants agreed to furnish plaintiff orders for goods to be manufactured by him, within a year, to the amount of $30,000, defendants to furnish the materials, upon a credit of thirty days, and to pay " ten per cent beyond the cost of materials and all expenses of manufacture, including government tax." Defendants gave some orders under the contract; the goods ordered were manufactured and delivered. Objections were made by defendants as to the laundrying of some of them; they were returned to plaintiff who relaundried and again delivered them, and subsequently plaintiff received further orders which were filled by him. Defendants only delivered orders during the year to the amount of $3,171.57. Plaintiff showed an ability and readiness to fulfill the contract on his part, and sought to recover the percentage on the deficiency. After the contract was made, plaintiff took one Massey into business with him, he to share in the profits; this was known to defendants, who subsequently sent orders. The court charged the jury, in substance, that although plaintiff had failed to properly laundry some of the goods, if they were on that account con-

demned and returned, relaundried, sent back and accepted, that was an acceptance under the contract. Defendants' counsel asked the court to charge, that if the goods were improperly manufactured and not delivered in proper time, defendants were entitled to a verdict; also, that if they did not assent to the partnership with Massey, defendants were not bound to fulfill the contract. The court declined so to charge. *Held*, no error; that the imperfection in the goods and the failure to deliver in time in consequence, was not, when the imperfection was remedied, and after goods had been subsequently ordered and delivered, to be considered a forfeiture of plaintiff's rights under the contract, and did not deprive him of his claim for damages, abating therefrom such damages as defendants sustained, if any, by reason of plaintiff's failure to deliver in time; that defendants had no right to complain of the arrangement with Massey, as it mattered not to defendants what instrumentalities plaintiff used to perform his contract, or how he compensated those assisting, providing the contract was well performed.

The court also charged, that plaintiff was entitled to recover, as damages, the percentage specified on the amount the orders fell short of $30,000, but that the ten per cent which the plaintiff was to receive was to be included as part of the expense of manufacturing, thus reducing the percentage ten per cent thereon. *Held*, that there was no error prejudicial to defendants' rights in the rule of damages thus laid down.

*S. W. Rosendale* for the appellants.

*R. A. Parmenter* for the respondent.

GRAY, C., reads for affirmance.
All concur.
Judgment affirmed.